hPER CURIAM.
Writ granted. Given the preliminary nature of the psychiatrist’s evaluation based on a single interview with relator, the expert’s notes on her discussion with relator cannot fairly be considered a “report,” and the state may not discover them. La.C.Cr.P. art. 728; see also United States v. Dennison, 937 F.2d 559, 565-66 (10th Cir.1991); United States v. Layton, 90 F.R.D. 520, 523-24 (N.D.Cal.1981). The district court’s order directing relator to disclose the notes is therefore reversed. However, the district court may reconsider disclosure in the event relator summons the psychiatrist to testify at a subsequent proceeding with regard to her conclusions based on a more extensive evaluation. If the witness has not made a report, if such notes as may exist are more fairly described as “extensive memoranda [which] record not only observations and hypotheses, but also evaluations,” and if such memoranda constitute the psychiatrist’s “most complete written psychological evaluation” of relator, the court may order disclosure. State v. Nichols, 877 S.W.2d 722, 730 (Tenn.1994).